*325 ORDER (Granting Preliminary Injunction)
JOANN JONES*, Associate Judge.
INTRODUCTION
The Court must determine whether to grant the plaintiffs motion for a preliminary injunction. The Court deems that the plaintiff satisfied the well-established standard for issuing this manner of injunc-tive relief. Therefore, the Court enjoins the holding of the Special Election, scheduled for May 2, 2006. The analysis and holding of the Court follows below.
*326 PROCEDURAL HISTORY
The plaintiff, Dallas R. White Wing, initiated the current action by filing a Com-plairift far Declaratory Relief (hereinafter Complaint) with the Court on March 31, 2006. A Motion for Temporary Restraining Order & Preliminary Injunction (hereinafter Plaintiffs Motion ) permissibly accompanied the initial pleading. See Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.), Rule 18. Consequently, the Court issued a Summons accompanied by the above-mentioned Complaint on March 31, 2006, and delivered the documents by personal service to the defendants’ representative, Ho-Chunk Nation Department of Justice (hereinafter DOJ).[1] The Summons informed the defendants of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. P. 5(A)(2). The Summons also cautioned the defendants that a default judgment could result from failure to file within the prescribed time period.
Due to the extraordinary relief requested in the Plaintiffs Motion, the Court mailed Notice(s) of'Hearing to the parties on April 5, 2006, informing them of the date, time and location of the Motion Hearing. Prior to the Hearing, the defendants timely filed their Response in Opposition to Motion far TRO/Preliminary Injunction (hereinafter Defendants’ Response). Id., Rule 19(B). The Court convened the Motion Hearing on April 12, 2006 at 10:00 a.m. CDT, The following parties appeared at the Preliminary Injunction Hearing: Dallas White Wing, plaintiff; Attorney Glenn C. Reynolds, plaintiffs counsel; Vice President Wade N. Blackdeer, defendant; Chairperson Mary Ellen Dumas, defendant; and DOJ Attorney Michael P. Murphy, defendants’ counsel.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Art. V—Legislature
Sec. 1. Composition of the Legislature.
(c) The Legislature shall select from among its Members a Vice President to serve throughout such Member’s term. The President shall preside over meetings of the Legislature. The Vice President shall preside over meetings of the Legislature in the absence of the President and at such times the Vice President shall retain the power to vote.
Sec. 2. Powers of the Legislature. The Legislature shall have the power:
(a) To make laws, including codes, ordinances, resolutions, and statutes;
(g) To set its own procedures, select its officers, and to enact laws governing attendance of its members, including penalties for absences;
Art. VII—Judiciary
Sec. 5. Jurisdiction of the Judiciary.
(a) The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in the Trial Court before it is filed in any other court. This grant of jurisdiction by *327 the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
Sec. 6. Powers of the Tribal Court.
(a) The Trial Court shall have the power to make findings of fact and conclusions of law. The Trial Court shall have the power to issue all remedies in law and in equity including injunctive and declaratory relief and all wits including attachment and mandamus.
Art. VIII—Elections
Sec. 4. Election Board. The Legislature shall enact a law creating an Election Board. The Election Board shall conduct all General and Special Elections. At least sixty (60) days before the election, the Election Board may adopt rules and regulations governing elections. Election Board members shall seiTe for two (2) years. Election Board members may serve more than one term. The Legislature may remove Election Board members for good cause.
Art. IX—Removal, Recall and Vacancies
Sec. 10. Va,candes in the Legislature. If a vacancy occurs in the Legislature because of death, mental or physical incapacity, removal or recall vote, or for any other reason, such vacancy shall be filled in the following manner:
(a) If three (3) months or more remain before the next General Election, the Election Board shall call a Special Election in the appropriate District to be held in thirty (30) days.
Art. X—Bill of Rights
Sec. 1. Bill of Rights.
(a) The Ho-Chunk Nation, in exercising its powers of self government, shall not:
(8) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without the due process of law;
Art. XII—Sovereign Immunity
Sec. 1. immunity of Nation from Suit. The Ho-Chunk Nation shall be immune from suit except to the extent that the Legislature expressly waives its sovereign immunity, and officials or employees of the Ho-Chunk Nation acting within the scope of their duties or authority shall be immune from suit.
Sec. 2. Suit Against Officials and Employees. Officials and employees of the Ho-Chunk Nation who act beyond the scope of their duties or authority shall be subject to suit in equity only for declaratory and non-monetary injunctive relief in Tribal Court by persons subject to its jurisdiction for purposes of enforcing rights and duties established by this constitution or other applicable laws.
OPEN MEETINGS ACT, 2 HCC § 2
Subsec. 3. Declaration of Policy.
a. Meetings of public bodies and District Meetings of the Nation shall be conducted openly, notices shall be provided for such meetings, and such notices include the information reasonably necessary to inform the public of the matters to be discussed or decided at the meeting. The Judiciary shall take into account this policy and shall construe and interpret any provision of this Act in favor of open and public meetings.
Subsec. 7. Public Notice.
a. A public body shall post notice of each regular or special meeting or hearing in a prominent, noticeable place in the Nation’s Executive Office Building and at the location of the meeting, if not the Executive Office Building, no less than 48 hours prior to the meeting or hearing, unless an emergency requires shorter no *328 tice. Such notice shall include the date, time, location and proposed agenda and/or hearing purpose.
LEGISLATIVE ORGANIZATION CODE OF 2001, 2 HOC § 11
Subsec. 10. Rules of the Legislature.
a. The proceedings of the Legislature shall be conducted in accordance with rules specified in the following sources expressed in the order of their priority.
(1) The Constitution of the Ho-Chunk Nation.
(2) Acts, Statutes and other legislative enactments.
(3) Written procedural regulation adopted by the Legislature from time to time.
(4) Procedures generally recognized by the members of the Legislature as in accordance with legislative practice since the enactment of the present Constitution, and affirmed by a majority of the Legislators voting at a duly convened meeting.
c. Legislative and Committee Agendas. (1) Legislative Meetings.
(a) All requests for agenda items submitted by the Judiciary Branch or Executive Branch (and its Departments and Divisions) are to be received by the legislative secretary not later than noon on the Thursday preceding the Legislative Meeting scheduled for Tuesday of the following week.
(b) All Executive Branch agenda item submittals have the approval of the Office of the President attached.
(c) Submitted agenda items shall include supporting documents and the name(s) titles(s) of the individual(s) attending and presenting the matter.
(d) Legislator requests for the submission of additional documents or the presence of additional people to appear at the meeting will be delivered to the Office of the President or to the Chief Trial Judge by 4:30 p.m. on the same Thursday (day that the agenda item is submitted to the Legislature).
(e) By 9:00 a.m. on the Friday before the scheduled Legislative Meeting, the agenda shall be finalized.
(f) By noon on Monday of the week of the scheduled Legislative Meeting, the agenda and packet providing the supporting documents shall be delivered to the Office of the President.
(3) If a situation arises after the agenda deadlines, above, where an item must be heard at the next legislative or Committee Meeting, inclusion on the agenda may only be made upon mutual consent of the Vice President or Committee Presiding Officer and either, as applicable, the President or the Chief Trial Judge.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process.
(A) Definitions.
2. Summons—The official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See HCN R. (Ur. P. 6) and that a Default Judgment may be entered against them if they do not file an Answer in the prescribed time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed Complaint attached.
(C) Methods of Service of Process.
1. Personal Service. The required papers are delivered to the party in person by the bailiff, or when authorized by the *329 Court, a law enforcement officer from any jurisdiction, or any other person not a party to the action who is eighteen (18) years of age or older and of suitable discretion.
Rule 18. Types of Motions.
Motions are requests directed to the Court and must be in writing except for those made in Court. Motions based on factual matters shall be supported by affidavits, references to other documents, testimony, exhibits or other material already in the Court record. Motions based on legal matters shall contain or be supported by a legal memorandum, which states the issues and legal basis relied on by the moving party. The Motions referenced within these Rules shall not be considered exhaustive of the Motions available to litigants.
Rule 19. Filing and Responding to Motions.
(B) Responses. A Response to a written Motion must be filed at least one (1) day before the hearing. If no hearing is scheduled, the Response must be filed with the Court and served on the other parties within ten (10) calendar days of the date the Motion was filed. The party filing the Motion must file any Reply within three (3) calendar days.
Rule 27. The Nation as a Party.
(B) Civil Actions. When the Nation if filing a civil suit, a writ of mandamus, or the Nation is named as a party, the Complaint should identify the unit of government, enterprise or name of the official or employee involved. The Complaint, in the case of an official or employee being sued, should indicate whether the official of employee is being sued in his or her individual or official capacity. Service can be made on the Ho-Chunk Nation Department of Justice and will be considered proper unless otherwise indicated by these rules, successive rules of the Ho-Chunk Nation Court, or Ho-Chunk Nation Law.
FINDINGS OF FACT
1. The parties received proper notice of the April 12, 2006 Motion Hearing.
2. The plaintiff, Dallas R. White Wing, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A002650, and resides at W18052 Townline Road, Witten-berg, WI 54499. Compl. at 1. The plaintiff serves as the duly elected legislative representative of District III.
3. The defendant, Ho-Chunk Nation Legislature (hereinafter Legislature) is a constitutional branch of government with principal offices located on trust lands at the Ho-Chunk Nation Headquarters, W9814 Airport Road, P.O. Box 667, Black River Falls, WI 54615. The defendant, Wade N, Blackdeer, is the duly selected legislative Vice President, and an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A000205. Constitution of the Ho-Chunk Nation (hereinafter Constitution), Art. V, § 1(c). The defendant, Ho-Chunk Nation Election Board (hereinafter Election Board), is a constitutionally established entity, and maintains an address of 4 East Main Street, Black River Falls, WI 54615. Id., Art. VIII, § 4. The defendant, Mary Ellen Dumas, is the Election Board Chairperson, and an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A002156.
4. On March 22, 2006, the Legislature passed a resolution, directing the Election Board to call a Special Election for District. III. HCN Leg. Res. 03-22-06C. The resolution directed the Election Board to call a Special Election due to the incapacity of the plaintiff, hi. at, 2.
5. On March 24, 2006, a letter was transmitted to the plaintiff from Vice Pres *330 ident Blaekdeer, advising him of the resolution adopted by the Legislature. Compl, Attach. 3 at 1.
6. On April 2, 2006, the Election Board convened and made a motion calling for a Special Election to be held on May 2, 2006, to fill the legislative vacancy in District III, The motion passed on a vote of 9-0-0. Defs.’ Ex. B at 1.
7. The Election Board served notice of the Special Election by a poster to District III voters, which was posted on April 3, 2006. Defs.’ Ex. A.
DECISION
On March 31, 2006, the plaintiff in this case filed an initial pleading and motion to enjoin enforcement of HCN LEG. RES. 03-22-06C, and to enjoin any action to fill or replace his seat in the Legislature. The Court set forth the prevailing test for addressing a request for preliminary injunction in its first case. Joyce Warner et al. v. HCN Election Bd., CV 95-03-06,-09-10 (HCN Tr. Ct., July 3, 1995) at 4 (citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Salvano, 999 F.2d. 211, 214-15 (7th Cir.1993)). The Ho-Chunk Nation Supreme Court subsequently affirmed the use of the adopted federal standard. A movant must demonstrate by a preponderance of the evidence that
1. There is no adequate remedy at law.
2. The threatening [sic ] injury to the person seeking the injunction outweighs the harm of the injury [sic].
3. The party seeking the injunction has at least a reasonable likelihood of prevailing of [sic ] the merits of their claim.
4. The issuance of the injunction serves the public interest. :
Coalition, for Fair Gov’t v. Chloris A. Lowe, Jr. et al., SU 96-02 (HCN S.Ct., July 1, 1996) at 7. The Court will apply the four-part inquiry to the instant case and determine if each part is satisfied.
II.IS THERE AN ADEQUATE REMEDY AT LAW?
Both parties concede that the plaintiff cannot be compensated by money damages. See Defs, ’ Resp. at 4. The harm the plaintiff seeks to prevent is the intangible harm that would result from the action taken by the Legislature, that is: the calling of a Special Election to fill his District III seat. Money damages cannot compensate the plaintiff. The Court finds the plaintiff has no adequate remedy at law.
III.DOES THE THREATENED HARM TO THE PLAINTIFF OUTWEIGH THE HARM OF ISSUING THE INJUNCTION?
The plaintiff seeks to enjoin the enforcement of HCN Leg. Res, 03--22-06C, which will ultimately result in filling his legislative seat by means of a Special Election scheduled for May 2, 2006. Furthermore, the plaintiff contends that he was neither given notice nor an opportunity to be heard prior to the March 22, 2006 legislative meeting regarding his alleged incapacitation. He was excused from legislative meetings up to and including the March 22, 2006 session. The March 22, 2006 legislative minutes show that the plaintiff was excused. HCN Leg. Mins. (Mar. 22, 2006) at 1. It would be a grave harm if the plaintiffs seat was filled by Special Election, and it was later determined that the actions of the Legislature were improper. If a preliminary injuries tion is granted, the plaintiff will continue to serve as a legislator until this case can be resolved. Moreover, the scheduled Special Election will be delayed. In other words, if the actions, of the Legislature are later found to be proper, its action would *331 only be delayed. This is the potential ham if the preliminary injunction is granted.
If the Court does not grant the Plaintiffs Motion, the Special Election will take place as scheduled on May 2, 2006, and a legislator will be elected. Financial and human resources to conduct an election would be expended. If the Court later finds for the plaintiff and determines that the legislative action was improper, the Nation would have two (2) elected legislators for the same seat. Another harm is avoided by issuing the injunction, namely: the harm to the rule of law. The Constitution provides:
If a vacancy occurs in the Legislature because of death, mental or physical incapacity, removal or recall vote, or for any other reason, such vacancy shall be filled in the following manner:
(a) If three (3) months or more remain before the next General Election shall call a Special Election in the appropriate District to be held within thirty (30) days.
Const., Akt. IX, § 10(a).
The Judiciary has not interpreted this provision in relation to how a “physical incapacity” should be determined by the Legislature and whether a vacancy has occurred. However, as previously stated: “[i]f a Preliminary Injunction is not granted, the legislative action to fill the District III legislative seat would be given effect without the Court have the opportunity to make a ruling interpreting this provision as it applies to the facts of this case.” Dallas White v. Ho-Chunk Gen. Council et al., CV 04-99, 2004 WL 5995383 (HCN Tr. Ct., Nov 18, 2004) at 11. The Court finds that the threatened harm to the plaintiff outweighs the harm of issuing the injunction
IV. DOES THE PLAINTIFF HAVE A REASONABLE LIKELIHOOD OF SUCCESS ON THE MERITS?
The question before the Court is new and has never been analyzed. There are no set of rules to guide the Legislature nor the Court as to the determination of “physical incapacity,” and what criteria one would use to find a legislative seat vacant due to “physical incapacity.” In this instance, at the March 22, 2006 legislative meeting, the minutes reflect Legislator Kathyleen V. Lonetree-Whiterabbit stating
that as the Chair of the Administration Committee that Rep. Dallas White Wing has been absent from the Administration Committee since October, 2005, she has not received any oral or written communication from Rep. White Wing informing her of his status. Until she does receive information on his status, from this time it will be recorded in the meeting minutes that he is unexcused from the meeting. Rep. Kathy Lonetree-Whi-terabbit also presented a resolution for the Election Board to call for a Special Election for District III.
HCN Leg. Mins. (Mar. 22, 2006) at 1. At the same meeting, the plaintiff was shown as excused from the meeting. Id.
In the afternoon session of the legislative meeting, under an Agenda Amendment heading, a motion was made by Legislator Myrna Thompson “to amend the agenda to hear the District 4/Thorn White Eagle Request then hear item 9, directing the Election Board to call for a special election for District III Resolution. Second by Rep. K. Lonetree-Whiterabbit. 9-0-0.” Id. at 3. Later in the proceeding, under the New Business section, the motion to direct the Election Board to call a Special Election for District 3 was introduced by Legislator Lonetree-Whiterabbit *332 and seconded by Legislator Douglas G. Greengrass. The motion passed with the vote of 9-0-0. Legislator Ona M. Garvin was, absent. Id.
In this instance, no factual basis for the decision by the Legislature to declare the District III seat vacant was given. The Constitution requires that “[t]he Ho-Chunk Nation, in exercising it powers of self government, shall not deny any person within its jurisdiction the equal protection of its laws or deprive any person liberty, or property without the due process of law.” Const., Aet. X, § 1(a)(8). The plaintiff was neither provided notice of the March 22, 2006 legislative action nor was he afforded the opportunity to be heard in the matter regarding his incapacity. The action of declaring a vacancy and calling for a Special Election is a grave act. For this to be done properly, there must be procedural requirements and a standard to follow. A standard by the Legislature to declare a legislator incapacitated is lacking. See. Const., Akt. V, § 2(a).
According to Black’s Dictionary, “disability” is defined, in part, as “[t]he inability to perform some function; an objectively measurable condition of impairment, physical or mental ... Also, termed incapacity.” Black’s Dictionary, 474 (7th ed.1999). Here there are no facts to provide an objective measurement to show that the plaintiff was incapacitated. The Legislature lacked a standard by not “enacting [a] law[] governing attendance of its members, including penalties for absences” in regard to “physical incapacity” of a member. Const, Akt. V, § 2(a)(g). Testimony was presented that only one (1) other representative, Legislator Elliot S. Garvin, had a physical disability that prohibited him from attending legislative meetings. Legislative minutes reflect that Legislator Garvin was excused from attendance from July 6, 2004 to October 26, 2004. Leg. Min. (July 6, 2004-0ct.26, 2004). Why in this case was the plaintiffs seat declared vacant due to “physical incapacity” while Legislator Garvin’s seat was not similarly classified while he was absent? Furthermore, the Legislature did not follow its internal rules concerning the conduct of legislative meetings. 2 HCC § 11.10a(l-4).
The Legislature did not follow the routine procedure for placing an item on the agenda. Id. § 11.10e(l)(a-f); see also 2 HCC § 2.3a, 7a. Yet, the Legislative Organization Act of 2001 contains an exception, noting that “[i]f a situation arises after the agenda deadlines, above, where an item must be heard at the next Legislative ... Meeting, inclusion on the agenda may only be made upon the ... consent of the Vice President....” Id., § 11.10c(3). There were no facts presented that this occurred. No reasons were given why this item for a Special Election had to be called when there was a period of roughly six (6) months where such an action could have been brought.
The plaintiff was excused from the meeting. Also, the record is void of any action taken by the Administrative Committee to bring this action to the full Legislature. It appears the action was initiated by a single person. For this reason, there are constitutional safeguards against arbitrary actions. If this action is allowed to occur, anyone could place an item on an agenda to simply eliminate a seat without any basis in law. In the Legislative ORGANIZATION Act of 2001, there is no definition regarding what constitutes a “physical incapacity” for purposes of declaring a legislative seat vacant.
The defendants argue that the officials named in this suit retain official and/or qualified immunity from suit since they have not willfully undertaken an illegal action.
*333 Regarding the immunity issue, the Ho-Chunk Nation Supreme Court recently emphasized that “the principle of sovereign immunity exists primarily to protect the public treasury from lawsuits seeking damages. It does not prevent people from suing the HCN government to enforce their rights under the HCN Constitution.” Hope B. Smith v. Ho-Chunk Nation, SU 03-08 (HCN S.Ct., Dec. 8, 2003) at 10; see also Const., Art. XII, § 1-2. A plaintiff must institute such a suit against an official or employee, claiming that the individual “aet[ed] beyond the scope of their duties or authority.” Const., Art. XII, § 2. Essentially, the plaintiff seeks to affect the future actions of the official or employee in an effort to avoid a continuing violation of the law. A plaintiff will typically request injunctive relief against the official or employee entrusted with implementing an allegedly illegal statutory provision. “The fact that the ... officer, by virtue of his [or her] office, has some connection with the enforcement of the act, is the important and material fact, and whether it arises out of the general law, or is specially created by the act itself, is not material so long as it exists.” Ex Parte Young, 209 U.S. 123, 157, 28 S.Ct. 441, 52 L.Ed. 714 (1908).
Ronald K. Kirkwood v. Francis Decorah, in his official capacity as Dir. of HCN Dep’t of Housing, et al., CV 04-33, 2005 WL 6161103 (HCN Tr. Ct, Feb. 11, 2005) at 13.
Here, the plaintiff seeks to enjoin the actions of the Legislature through Vice President Blackdeer and the Election Board through Chairperson Dumas. The Court holds that the plaintiffs suit survives any purported immunity defense. To deem otherwise would leave the plaintiff with no judicial recourse to address his acknowledged harm. See supra p. 9. In accordance with the reasons stated above, the plaintiff is likely to succeed on the merits of his claim. The Court, however, dismisses the institutional defendants, Legislature and Election Board, due to the retention of sovereign immunity from suit. See Const., Akt. XII, § 1; see also Timothy G. Whiteagle et al. v. Alvin Cloud, Chair of the Gen. Council, in his official capacity, et al., CV 04-04, 2004 WL 5595382 (HCN Tr. Ct, Aug. 5, 2004) at 20-21, aff'd, SU 04-06 (HCN S.Ct, Jan. 3, 2005). All subsequent filings and decisions shall reflect this modification within the caption.
V. DOES ISSUING THE INJUNCTION SERVE THE PUBLIC INTEREST?
The answer to this question is decidedly yes. As stated in Coalition far Fair Government II, “[a]n injunction can be a temporary measure to sort out facts and determine whether a more full development of the facts and arguments will indicate whether further action is warranted.” Coalition for Fair Government II, CV 96-22 (HCN Tr. Ct, May 21, 1996) at 18, afd, SU 96-02 (HCN S.Ct, July 1, 1996). Here, the harm suffered by the plaintiff in relation to his claim to the District III legislative seat reveals procedural due process violations. If constitutional protections are not afforded to the Legislator whose seat is declared vacant without a standard or basis in law, that Legislator will not be able to have his case heard before the Court.
The Constitution mandates that “[t]he Ho-Chunk Nation, in exercising its powers of self government, shall not ... deprive any person of ... property without the due process of law.” Const, Art. X, § 1(a)(8). The Ho-Chunk Nation, by and *334 through the Legislature and Election Board, have undeniably exercised their powers in relation to the facts and circumstances at issue in this case. Also, the Legislature undeniably deprived the plaintiff of his property, a legislative seat, by declaring the seat vacant. The Court must have the opportunity to interpret and apply the principles of due process as it relates to the challenged legislative action.
The Court’s solemn responsibility is to interpret the Constitution and laws of the Ho-Chunk Nation and also to give them meaning. The plaintiff is requesting that the due process protections and the laws of the Nation be followed. This is in the public interest.
CONCLUSION
The Plaintiff has met his initial burden of proof, i.e., the four (4) prongs of the preliminary injunction test: (1) there is no adequate remedy at law; (2) the harm to the plaintiff and the CONSTITUTION outweighs the delay of the Special Election; (3) the plaintiff has a reasonable likelihood of success on the merits; and (4) the issuance of a preliminary injunction is in the public interest. BASED UPON THE FOREGOING, the Court grants the request for a preliminary injunction. The Court hereby enjoins Chairperson Dumas from holding the Special Election on May 2, 200fi.

 On April 4, 2006, Chief Justice Mary Jo B. Hunter elevated the presiding official to the position of Associate Judge by extraordinary appointment. HCN Judiciary Establishment & Org. Act, 1 HCC § 1.8c.

. The HCN R. Civ. P. permit the Court to serve the Complaint upon the DOJ when the plaintiff/petitioner names as a party either a unit of government or enterprise or an official or employee being sued in their official or individual capacity. HCN R. Civ. P. 27(B).